# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-_____

TY STORLIE,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE OF AMERICA,
PRUDENTIAL ANNUITIES DISTRIBUTORS, INC., and
PRUDENTIAL FINANCIAL, INC.,

Defendants.

## NOTICE OF REMOVAL

Defendants The Prudential Insurance Company of America (improperly pled as "The Prudential Insurance of America" and hereinafter "Prudential"), Prudential Annuities Distributors, Inc. ("Prudential Annuities Distributors"), and Prudential Financial, Inc. ("Prudential Financial") (hereinafter, collectively "Defendants"), by and through their counsel, Cathy Havener Greer and Kathryn A. Starnella of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, respectfully file this Notice of Removal of the above action from the District Court, Boulder County, to the United States District Court for the District of Colorado. As grounds for removal, Defendants state as follows:

### I. INTRODUCTION

1. On June 11, 2019, Plaintiff commenced an action against Prudential, Prudential Annuities Distributors, and Prudential Financial in the Colorado District Court, Boulder County, entitled *Ty Storlie v. The Prudential Insurance of America, Prudential Annuities Distributors, Inc.,*

*and Prudential Financial, Inc.*, Case No. 2019CV30760 (the "State Court Action"). *See* **Exhibit A**, Plaintiff's Complaint and Jury Demand filed in the State Court Action (the "Complaint"). Plaintiff served Prudential Annuities Distributors on or about August 20, 2019, and served Prudential on August 26, 2019. *See* **Exhibit B**, Service of Process Transmittal to Prudential Annuities Distributors; **Exhibit C**, Service of Process Transmittal to Prudential. Prudential Financial was allegedly served on August 20, 2019. *See* **Exhibit D**, Service of Process Transmittal to Prudential Financial.

2. Defendants' Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3). Thirty days following August 20, 2019, is September 19, 2019. Thirty days following August 26, 2019, is September 25, 2019.

3. The Complaint raises federal claims, over which this Court has original jurisdiction. In addition, diversity of citizenship exists between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* **Exhibit E**, Plaintiff's Civil Cover Sheet filed in the state court action (the "Civil Cover Sheet"). Accordingly, pursuant to 28 U.S.C. § 1441, this action may be properly removed to the United States District Court for the District of Colorado based upon either federal question or diversity jurisdiction.

## II. FEDERAL QUESTION JURISDICTION

4. The Complaint asserts two causes of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). *See* **Ex. A**, ¶¶ 70-77; 86-92.

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims brought under the ADEA, a federal statute prohibiting employment discrimination and retaliation based upon age. *See Bradley v. Denver Health & Hosp. Auth.*, 734 F. Supp. 2d 1186, 1188 (D. Colo. 2010)

("Plaintiff asserts claims under [Title VII] and the [ADEA], both federal laws. Therefore, the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff's claims.")

6. This Court has supplemental jurisdiction over the remaining claims in the Complaint pursuant to 28 U.S.C. § 1367. "Unless the state law claims predominate or involve novel or complex issues of state law" – which is not the case here – "courts should accept supplemental jurisdiction." *Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1352 (D. Colo. 1994) (holding that ADEA claims combined with state law claims arising out of a termination "are properly subject to the exercise of supplemental jurisdiction.")

7. Thus, Plaintiff's ADEA allegations are subject to this Court's original jurisdiction, and this Court has supplemental jurisdiction over the balance of Plaintiff's claims.

### III. DIVERSITY JURISDICTION

8. The Complaint asserts that Plaintiff is a resident and domicile of Colorado. *Id.* at ¶ 1.

9. The Complaint also asserts that: (1) Prudential is a New Jersey corporation, with its principal place of business in New Jersey; (2) Prudential Annuities Distributors is a Delaware corporation, with its principal place of business in Connecticut; and (3) Prudential Financial is a New Jersey corporation, with its principal place of business in New Jersey. *Id.* at ¶¶ 2-4. Defendants confirm that these descriptions are accurate.

10. No Defendant is a citizen of Colorado under 28 U.S.C. § 1332(c)(1). *See* **Exhibit F**, Corporate Disclosure Statement.

11. Therefore, complete diversity of citizenship exists here.

12. Further, Plaintiff is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

13. The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

14. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

15. Defendants are not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

16. This case arises from the termination of Plaintiff's employment, where he made approximately $335,000 during his final full year with Prudential. *See* **Ex. A**. Plaintiff asserts six causes of action, seeking damages for front pay, back pay, benefits, compensatory damages

(including alleged damages for emotional suffering), and punitive damages, among other things. *Id.*

17. The Civil Cover Sheet indicates that Plaintiff is seeking over $100,000, excluding attorneys' fees. *See* **Ex. E**.[1]

18. Thus, in addition to federal question jurisdiction established in Section II, *supra*, this matter can also be removed because complete diversity of citizenship exists and Plaintiff is seeking damages well in excess of the $75,000 jurisdictional threshold.

### IV. CONCLUSION

19. Defendants have shown the existence of facts by a preponderance of the evidence, which, if true, demonstrate that both federal question and diversity jurisdiction exist here.

20. Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, copies of the current docket sheet (**Ex. G**) and of all pleadings, process, and orders in the State Court case file of which Prudential is aware will be filed contemporaneously with this Notice. *See* **Exs. A-E**. There are no pending motions or hearings set in the State Court action.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Colorado District Court, Boulder County, and a copy has been served on Plaintiff, as indicated on the attached Certificate of Service.

22. All identified defendants consent to this removal and, therefore, jointly file this application.

---

[1] "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

- 6 -

23. Defendants state that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendants hereby remove this action from the District Court, Boulder County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 6th day of September 2019.

                Respectfully submitted,

                **WELLS, ANDERSON & RACE, LLC**

                *S/ Kathryn A. Starnella*

                Cathy Havener Greer
                Kathryn A. Starnella
                1700 Broadway, Suite 1020
                Denver, CO 80290
                Telephone (303) 830-1212
                *Attorneys for Defendants*

<u>Address of Defendant</u>
751 Broad Street
Newark, New Jersey 07102

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and forwarded by U.S. First Class Mail, postage pre-paid, and addressed as follows

Michael J. Gates
Foster Graham Milstein & Calisher LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: (303) 333-9810
Email: mgates@fostergraham.com

*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com