IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02543-CMA-NRN

TY STORLIE,

    Plaintiff,

v.

PRUDENTIAL INSURANCE OF AMERICA, *a New Jersey corporation*,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR RELIEF**

---

This matter is before the Court on Defendant Prudential Insurance Company of America's ("Prudential") Motion to Dismiss Plaintiff's Fifth and Sixth Claims for Relief. (Doc. # 15.) For the following reasons, the Court denies Defendant's Motion as moot as to Plaintiff's fifth claim and grants Defendant's Motion as to Plaintiff's sixth claim, thereby dismissing Plaintiff's tortious interference with prospective business advantage claim without prejudice.

## I.     BACKGROUND

Beginning in 2005, Plaintiff worked for Prudential as an External Wholesaler in the annuity business in the Independent Broker Dealer Distribution Channel. (Doc. # 4 ¶

9.) Plaintiff was responsible for promoting Prudential annuities products with independent financial advisors within his assigned territory. (*Id.* ¶ 14.)

In 2017, Plaintiff was 53 years old and had 18 months remaining before he was eligible for Prudential's pension program. (*Id.* ¶ 31.) In November 2017, following numerous instances of being told that his sales results were unacceptable, Plaintiff's employment was terminated. (*Id.* ¶¶ 36–65.) Following termination, Prudential filed the required "Uniform Termination Notice for Securities Industry Registration" form ("Form U5") with the Financial Industry Regulatory Authority ("FINRA"). The "Termination Explanation" on the Form U5 states: "Did not meet management's expectations. Not compliance related." (Doc. # 15-2.)

On August 9, 2019, Plaintiff filed this action in Colorado District Court for the City and County of Boulder. On September 6, 2019, Prudential removed the matter to this Court on grounds of diversity and federal question jurisdiction. (Doc. # 1.) Plaintiff's Complaint raises six claims for relief related to his termination. Relevant here, Plaintiff's fifth claim is for defamation, and his sixth claim is for tortious interference with prospective business advantage. (Doc # 4 ¶¶ 108–09.)

Defendant filed the instant Motion to Dismiss Plaintiff's Fifth and Sixth Claims for Relief (Doc. # 15), and Plaintiff filed a Response (Doc. # 22). Subsequently, the Parties filed a Joint Motion to Dismiss Plaintiff's Fifth Claim for Relief and Amend the Pleading. (Doc. # 34.) In the Joint Motion, the Parties stipulated to the dismissal of Plaintiff's fifth claim for relief—defamation—without prejudice. The Court granted the Joint Motion as to Plaintiff's fifth claim and dismissed it without prejudice. (Doc. # 35.)

In his Response to Defendant's Motion to Dismiss, Plaintiff requested leave to amend his Complaint. (Doc. # 22 at 7) ("if the Court believes that the Sixth Claim for Relief has not been sufficiently pled, [Plaintiff] seeks leave of Court to amend its Complaint to address this concern."). On December 5, 2019, the Court denied, without prejudice, Plaintiff's Motion for Leave to Amend for failure to comply with Local Rule of Civil Procedure 7.1, which provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." (Doc. # 41); D.C.COLO.LCivR 7.1(d). The Court reserved judgment on Defendant's Motion to Dismiss and allowed Plaintiff another opportunity to file a Motion for Leave to Amend that complies with Local Rules of Civil Procedure 7.1 and 15.1. (Doc. # 41.) Plaintiff did not renew his Motion for Leave to Amend prior to the deadline set by the Court, prompting the Court to address the instant matter.

## II. LEGAL STANDARDS

### A. RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim for relief in any pleading for "failure to state a claim upon which relief can be granted." A claim will survive a Rule 12(b)(6) motion to dismiss only if the complaint "contains 'enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is subject to dismissal if it fails to state the required elements for a cause of action. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231,1235 (10th Cir. 2013). A claim that simply uses

3

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (citing *Twombly*, 550 U.S. 544, 555).

**B.     TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**

Under Colorado law, in order to state a claim for tortious interference with prospective business advantage, a plaintiff must allege: (i) there was a prospective contractual relation with a third party that was reasonably likely to result in the formation of a contract; (ii) Defendant interfered with that prospective relation, thereby preventing the formation of the contract; (iii) such interference was intentional; (iv) the interference was accomplished by the use of improper means; and (v) harm was suffered as a result. *Wolf Auto Ctr. Sterling, LLC v. Schadegg*, No. 15-CV-01035-MSK-KLM, 2016 WL 10570867, at *2 (D. Colo. Oct. 31, 2016); *see also Hertz v. Luzenac Group, Inc.*, 576 F.3d 1103, 1119 (10th Cir. 2009).

### III.     ANALYSIS

Defendant moves the Court to dismiss Plaintiff's fifth and sixth claims for relief. (Doc. # 15.) However, the Parties stipulated to the dismissal of Plaintiff's fifth claim (Doc. # 34), and the Court dismissed that claim without prejudice (Doc. # 35). The instant Motion is thus denied as moot to the extent it moves the Court to dismiss Plaintiff's fifth claim. The Court now addresses the remainder of Defendant's Motion.

Defendant seeks dismissal of Plaintiff's sixth claim for tortious interference with prospective business advantage. As discussed below, the Court grants Defendant's Motion because Plaintiff fails to establish the first two elements of tortious interference

with prospective business advantage—(i) there was a prospective contractual relationship with a third party, and (ii) Defendant interfered with that prospective contractual relationship, thereby preventing the formation of a contract.

The first required element for a claim of tortious interference with prospective business advantage is the existence of a prospective contractual relationship with a third party. *Wolf Auto Ctr. Sterling, LLC*, 2016 WL 10570867, at *2. Plaintiff alleges that Defendant engaged in conduct intended to prevent Plaintiff from continuing to work in the annuities industry and that Defendant's conduct was designed to, and actually has, induced or caused third parties not to enter into an employment relationship with Plaintiff. (Doc # 4 ¶¶ 108–09.) However, Plaintiff alleges no facts to suggest the existence of any such prospective contract. Plaintiff makes no mention of a specific third party with whom a prospective contractual relationship existed. Plaintiff makes only a broad assertion that Defendant intentionally interfered with unnamed third parties in order to prevent him from working in the annuities industry. (*Id.*) Plaintiff's formulaic recitation of this element, without specific factual allegations, is insufficient. *See Iqbal*, 556 U.S. at 668 (citing *Twombly*, 550 U.S. at 555).

Moreover, the second element of a tortious interference claim requires a plaintiff to allege that a defendant interfered with a prospective contractual relationship, thereby preventing the formation of a contract. *Wolf Auto Ctr. Sterling, LLC*, 2016 WL 10570867, at *2. Plaintiff, unable to demonstrate the existence of a prospective contractual relationship, consequently has not established that Defendant interfered with or prevented any prospective contract. Plaintiff's allegation that Defendant filed Form U5 to

harm his chances at finding future work is conclusory and insufficient. Plaintiff fails to allege any specific occurrence in which Defendant's conduct interfered with a prospective contractual relationship between Plaintiff and a third party or prevented the formation of a contract between Plaintiff and a third party. Plaintiff thus fails to satisfy the second element of a tortious interference with business advantage claim.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim for which relief can be granted. Therefore, dismissal of Plaintiff's Sixth Claim is warranted. Accordingly, it is

ORDERED that the instant Motion (Doc. # 15) is GRANTED as to Plaintiff's sixth claim for tortious interference with prospective business advantage, and said claim is hereby DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that the Motion is DENIED as moot as to Plaintiff's fifth claim for defamation.

DATED: January 14, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge