IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02543-CMA-NRN

TY STORLIE,

    Plaintiff,

v.

PRUDENTIAL INSURANCE OF AMERICA,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Prudential Insurance of America's ("Prudential") Motion for Summary Judgment (Doc. # 68). For the following reasons, the Motion is denied.

## I.    BACKGROUND

This is an age discrimination and retaliation case. (Doc. # 4 at 7.) Plaintiff, Ty Storlie, was employed by Prudential as an External Wholesaler for 12 years. (*Id.* at 2, 6.) Prudential terminated Plaintiff in November 2017, when he was 53 years old. (*Id.* at 3, 6.)

Plaintiff brings claims for discrimination in employment practices and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-401 *et seq.* (Doc. # 4 at 7–9.) Plaintiff asserts that he was wrongfully terminated shortly

before reaching his retirement age of 55 and alleges that Prudential's claimed reason for the termination—poor sales performance—is pretextual. (Doc. # 78 at 30.) Prudential counters that it appropriately terminated Plaintiff for his declining sales performance and failure to meet requirements set in place by verbal and written warnings. (Doc. # 68 at 1.)

Prudential now seeks summary judgment on all of Plaintiff's claims on the basis that they are meritless and that there are no genuine issues of material fact. (*Id.* at 18.)

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of

persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   ANALYSIS

Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment on Plaintiff's claims of age discrimination and retaliation under the ADEA and CADA, including, but not limited to:

- whether Plaintiff raised concerns that he was being discriminated against on the basis of his age and proximity to retirement during his conversation with Susan Figueroa, Director, Human Resources in February 2017;

- whether Plaintiff had a conversation with his supervisor, Theodore "Ted" Parker, during which Plaintiff expressed concerns relating to age discrimination;

- whether Plaintiff met 83% or 100% of his sales performance goal as required by his performance plan for the month of October 2017;

- whether Plaintiff was terminated before Prudential had Plaintiff's final sales numbers for the month of October 2017;

- whether Plaintiff was performing satisfactory work at the time of his termination according to his performance plan, the available metrics, and his sales ranking compared with other external wholesalers; and

- whether Figueroa was directly involved in Prudential's decision to terminate Plaintiff.

In light of the fact that there are material facts in dispute, the Court finds that summary judgment is not appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 68) is DENIED.

DATED: December 13, 2021

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge